### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

Civil Action Number:

JUAN CARLOS GIL,

     Plaintiff,

vs.

HOUSE OF BLUES ENTERTAINMENT, LLC and
HOUSE OF BLUES ORLANDO RESTAURANT CORP.,

     DefendantS.

---

### COMPLAINT

---

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant House of Blues Entertainment, LLC and Defendant House of Blues Orlando Restaurant Corp. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1.    Plaintiff brings this action in Federal Court to stop the exclusion of blind, vision impaired, and low vision patrons of Defendants' business.

2.    Businesses should not operate in any manner that creates discrimination in access to their products and services.

1

3.     This complaint seeks declaratory and injunctive relief to have Defendants update their policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services for effective communication in Defendants' business so that Plaintiff (who is legally blind) can communicate with Defendants effectively and timely such that his access to the House of Blues Orlando physical location is not impeded; as such impediment has rendered Defendant's physical location not fully accessible to the visually impaired.

## JURISDICTION & VENUE

4.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. §1331, 28 C.F.R. §36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business.

5.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because Defendant House of Blues Entertainment, LLC a is conducting business within the jurisdiction of this court by virtue of the fact its www.houseofblues.com/orlando website is available to the general public within this district and the acts constituting the violation of the ADA occurred in this District.

6.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because Defendant House of Blues Orlando Restaurant Corp. operates its House of Blues Orlando restaurant within this district and House of Blues Orlando Restaurant Corp. is authorized to conduct business within the state of Florida as a foreign for-profit corporation.

7.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §2201 and §2202.

**THE PARTIES**

8.     Plaintiff Juan Carlos Gil is a resident of the state of Florida, resides within the Southern judicial district, is *sui juris*, and is disabled as defined by the ADA.

9.     Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA and as set forth at 29 USC §705(20). Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Plaintiff's disability is defined in 28 C.F.R. §35.108, as Plaintiff is substantially limited in the major life activity of seeing, specifically 28 C.F.R. § 35.108(c)(1).

10.     Plaintiff is a para-athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[1]

11.     In the past years, Plaintiff traveled to Venezuela, Columbia, Arizona, Orlando, and Boston to attend various conventions and meetings to advance disability rights. Such events include, but are not limited to, the National Federation for the Blind convention in Orlando[2], the American Counsel for the Blind conferences[3] and various focus groups and meetings throughout the east coast.

12.   Plaintiff can only use/comprehend internet content that interfaces with his screen reader software.

13.     Defendant House of Blues Orlando Restaurant Corp. (also referenced as "Defendant Blues Restaurant," or jointly with Defendant House of Blues Entertainment,

---

[1] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being  the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020);  See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm
[2] July 2017, 2018
[3] In 2017 (Nevada) and in 2018 (Wisconsin)

LLC as "Defendants") is the owner and operator of an entertainment venue under the brand name "House of Blues." Defendant owns and/or operates the House of Blues Orlando within the State of Florida.

14.     Defendant House of Blues Orlando Entertainment, LLC (also referenced as "Defendant Entertainment," or jointly with Defendant House of Blues Restaurant Corp.  as "Defendants") is the owner and operator of the www.houseofblues.com/orlando website which services the House of Blues Orlando entertainment venue within the State of Florida.

15.     On information and belief, Defendants are brother/sister corporations, both owned by the same parent company (Live Nation Entertainment, Inc.).

## FACTS

16.     As further set forth in detail below, when Plaintiff went to the www.houseofblues.com/orlando website to find out about the entertainment at House of Blues Orlando in March of 2019, the website was not accessible to him, thus causing him an injury in fact because he is in the zone of interest covered under the ADA. Defendants caused the injury when they failed to comply with the ADA.  Plaintiff plans to visit the House of Blues Orlando and its accompanying website in the near future (*see Houston v. Morad Supermarkets, Inc*. 733 F.3d 1323 (11th Cir. 2013) and will continue to suffer further discrimination because Defendants refuse to comply with the ADA. Any future injury will be redressed by a favorable decision from this Court requiring Defendant to comply with the law. Plaintiff has standing consistent with the requirements the Eleventh Circuit set forth in *Houston*. Plaintiff has been injured in that Defendants  have failed to accommodate him and Plaintiff has suffered injury in fact as

a result of Defendants 'discrimination.

17.     Defendant Blues Restaurant owns and operates a place of public accommodation which offers music entertainment to the public in a restaurant and bar setting under the brand name "House of Blues." The House of Blues Orlando offers entertainment and food and drinks to the public for the price of admission and the requirement to purchase food and drinks, which is heretofore referenced as "goods and services."

18.     The House of Blues Orlando entertainment venue is open to the public therefore quality as a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(C), §12182, and 28 C.F.R. §36.104(3).  The House of Blues Orlando entertainment venue is also referenced throughout as "Place of Public Accommodation," "venue," "House of Blues Orlando," or "entertainment venue."

19.     The House of Blues Orlando contains a restaurant and bar, which is defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

20.     House of Blues Orlando also sells apparel (such as shirts, jackets, hats), accessories (such as patches and jewelry), gifts (such as stickers, magnets, coloring books, and snow globes), drinkware, drumstick sets, art, and gift cards, therefore meeting the definition of a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R §36.104(5).

21.     Defendant Blues Restaurant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or

operates the House of Blues Orlando entertainment venue which is a place of entertainment as defined in 42 U.S.C. §§12181(7)(C), (B), (E) and 28 C.F.R. §36.104(3), (2), (5).

22.     Defendant Entertainment controls, maintains, and/or operates a collection of related web pages, including multimedia content, typically identified with a common domain name, and published on at least one web server; namely the domain located at a website called www.houseofblues.com/orlando ("Website").

23.     Defendant Entertainment's Website is offered as a way for the public to purchase admission to Defendant Blues Restaurant's entertainment venue, to reserve seating at the restaurant and bar, view menu selections, hours of operation, events, and other information the Defendants jointly seek to communicate to the public.

24.     Defendant Entertainment's Website is an integral part of the goods and services offered by Defendant Blues Entertainment at its Orlando entertainment venue. By this nexus, the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §§12181(7)(C), (B), (E) of the ADA[4].

25.     The www.houseofblues.com/orlando website is also a public store that is on-line, where the public can view and purchase House of Blues merchandise and gift cards/prepay for admission to the venue online and have that merchandise delivered to one's home. Therefore, the Website is itself a sales establishment which is a Place of Public Accommodation pursuant to 42 U.S.C. §12181(7)(E).

---

[4] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

26.    Plaintiff is a music lover and travels to Orlando often to be entertained by many venue in the Orlando area.  Plaintiff has been at House of Blues Orlando located at 1490 Buena Vista Drive, Lake Buena Vista, Florida 32830 on a previous visit to Orlando.

27.    Because Plaintiff is legally blind, before he embarks on any venture, he studies the location where he is seeking to patronize through using the internet. In the case of the House of Blues Orlando entertainment venue, in March, 2019 Plaintiff went to the  www.houseofblues.com/orlando  website to find out the lineup of coming entertainment, the cost of admission to enjoy the featured entertainment; the menu selection and prices for the various men items, and times and dates of when the entertainment was to be features so that he could arrange a trip to Orlando to be entertained.

28.    Plaintiff intended to use the Website in order to purchase a gift card[5] in order to prepay for his visit. However, when Plaintiff went online to purchase a gift card, he was unable to complete the transaction.

29.    The Website was inaccessible so Plaintiff could not (among other things):

    a.  find out the dates and times for musical entertainers
    b.  find out about purchasing House of Blues Orlando gift cards,
    c.  the type of merchandise available for purchase, including prices for the merchandise.

30.    The failure to obtain the information needed precluded Plaintiff's ability to patronize the House of Blues Orlando entertainment venue because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and insure that he arrives at a given location for the desired

[5] https://hob.shop.livenation.com/dept/gift-cards?cp=39984_53876.

activity (eating, drinking, shopping, or recreating).

31.    In this Smartphone era (the age of information technology), Defendants'
provision of a website is an essential part of the services offered, and is no different than
the customer service which Defendants provide to the public as part of its product and
service offering.

32.    The House of Blues Orlando Website is not designed with consideration
for Universal design. Universal design is necessary so visually impaired individuals who
use screen reader software can access the Website[6].

33.    Furthermore, the Website does not have the indication of website
accessibility[7].

34.    By denying Plaintiff the opportunity to use www.houseofblues.com/orlando
website and the electronic documents therein due to Plaintiff's disability (visual
impairment), Defendants have denied Plaintiff the opportunity to use the internet to plan
his trip to the House of Blues Orlando entertainment venue, shop at the entertainment
venue, purchase a House of Blues Orlando gift card, and view the menu selections in
order to plan his meal selection in advance as accommodations are made available to the
sighted public.

35.    Plaintiff's inability to communicate with Defendants has created a *virtual
barrier* which resulted in an *effective barrier* to access to the House of Blues Orlando
entertainment venue physical location.

---

[6]  "Universal design is the design of products and environments to be usable by all people, to the greatest
extent possible, without the need for adaption or specialized design."  Kalbag, Laura (2017), by
*Accessibility for Everyone*, (p. 5)

[7] 

36.     Plaintiff's expectation of planning his outings to be entertained has been vanquished since he could not access www.houseofblues.com/orlando website to avail himself of the latest services which Defendant offers to the public.

37.     While Defendant Entertainment addresses individuals with disabilities on its Website and provides information on how its physical location accommodates individuals with disabilities, the fact is that its Website is inaccessible to blind individuals. Therefore, despite Defendant Entertainment's notice of accessibility, its Website is not accessible to the Plaintiff due to his visual impairment.

38.     The fact that Plaintiff could not access Defendant Entertainment's Website left Plaintiff excluded from accessing the music entertainment which Defendant Blues Entertainment offers to the public. These barriers to access have left Plaintiff with the feeling of segregation, rejection, isolation as Plaintiff has been unable to participate in his own business affairs (such as in this case enjoying music entertainment) in a manner equal to that afforded to others who are not similarly disabled.

39.     Plaintiff's inability to fully use Defendant Entertainment's Website has hindered, impeded and inhibited Plaintiff's access to Defendant Blues Restaurant's entertainment venue physical location.

40.     Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

41.     Plaintiff cannot make proper arrangements for transportation of himself and his wheelchair to Defendant Blues Restaurant's entertainment venue location at 1490 Buena Vista Drive, Lake Buena Vista, Florida 32830 without the ability to know in advance of the entertainment lineup, cost of admission and menu selection on any given

day/evening as such information is available on Defendant Entertainment's Website. Plaintiff faces a great degree of uncertainty at not being able to know the merchandise, menu (food and drink) selection and entertainment/event schedule in advance which information is available online through Defendant Entertainment's Website. Because Plaintiff lacks basic understanding of the "*who, what, where, and how*" to physically travel to Defendant Blues Restaurant's entertainment venue location, Plaintiff is effectively denied the ability to physically travel to that business.

42.     Plaintiff has a concrete plan to travel to House of Blues Orlando in the near future, on one of his many trips to Orlando from his home in Miami. (see *Houston v Marod Supermarkets, Inc.* 733 F.3d 1323, 1340 (2013).

43. By denying Plaintiff the opportunity to comprehend the www.houseofblues.com/orlando website due to Plaintiff's disability, Defendants have denied Plaintiff the opportunity to participate and  benefit from House of Blues goods and services as afforded to the sighted public.

44.  Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

45.     Defendants have not initiated an ADA policy for effective communication to insure full and equal use of their business by individuals with disabilities.

46.     Defendants have not provided transparency to the public by disclosing its intent to correct the inaccessibility of its Website.

47.     Defendants have not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at the Orlando Hours of Blues entertainment venue.

48.     All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

49.     On information and belief, Defendants are aware of the common access barriers and barriers to effective communication within the www.houseofblues.com/orlando website which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein and therefore patronize the House of Blues Orlando entertainment venue.

50.     Defendants and alike entertainment venues are fully aware of need to provide full access to all visitors to its Website.[8]

51.     At the present time and since the Website's inception, Defendant Entertainment has provided inadequate service, and ineffective communications and services which have hindered access to Defendant Blues Restaurant's entertainment venue.  Plaintiff's injuries are real, have occurred and are continuing. Plaintiff's injury will continue to occur until it is absolutely clear that Defendant's wrongful behavior is remedied.

52.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

53.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for declaratory judgment and injunctive relief is

---

[8] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g. (https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/), (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )

his only means to secure adequate redress from Defendants' unlawful and discriminatory practices. No price can be put on Plaintiff's inability to participate in entertainment opportunities provided to the public and to purchase merchandise and gift cards.

54.     Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

55.     Plaintiff has retained the civil rights law office of Scott R Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant House of Blues Entertainment, LLC and Defendant House of Blues Orlando Restaurant Corp jointly and severally.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

56.     It is irrefutable that the ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective.

57.     According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems."   28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

58.     Section   28   C.F.R.   §36.303(c)   specifically   states   that   public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure   effective   communication   with   individuals   with   disabilities.   "In   order   to   be

effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

59.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

60.     Defendant Entertainment's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

**Business As A Place of Public Accommodation**

61.     By virtue of the fact that the House of Blues Orlando entertainment venue is open to the public, it is a place of public accommodation subject to the requirements of Title III of the ADA; 42 U.S.C. §§12181(7)(C),(B),(E).  The ADA prohibits any and all barriers which would limit access by the visually impaired to such places of public accommodation.

62.     The virtual barrier to access is just as real as a physical barrier to access, for without information as to goods and services offered by Defendant Blues Restaurant which is made available through Defendant Entertainment's Website and the ability to investigate and choose entertainment options, the visually impaired have no access to Defendant Blues Restaurant's entertainment venue such as offered to the public.

**Website As A Place of Public Accommodation**

63.     The Courts have held that, when services available on an internet website have a connection to a physical Place of Public Accommodation, that website falls within the ADA's *Place of Public Accommodation* requirement; *Peoples v Discover Financial Services, Inc.*, 2009 WL 3030217, 2 (E.D. Pa. 2009).

64.     Further, the Department of Justice has long affirmed the application of Title III of the ADA to websites of public accommodations[9].

65.     Defendant Entertainment's www.houseofblues.com/orlando website is a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(C) and §12181(7)(B) as an integral part of Defendant Restaurant's entertainment venue by providing the public information venue location and offers the public the ability to be educated as to the entertainment lineup as well as food and drink available at the venue.

66.     The Website is also a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public is able to purchase House of Blues Orlando merchandise and gift cards online through the Website (which meets the definition of 'sales establishment').

67.     As delineated above, Defendant Entertainment is a *Public Accommodation* under the ADA because it because it owns and/or operates the

---

[9] *See generally* Statement of Interest of the United States, *Nat'l Assoc. of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012) (No. 3:11-cv-30168), available at www.ada.gov/briefs/netflix_SOI.pdf (discussing the Department's history of public pronouncements on the topic); *see also* Consent Decree, *Nat'l Fed. of the Blind and United States v. HRB Digital LLC and HRB Tax Group, Inc.*, No. 1:13-cv-10799-GAO (entered March 25, 2014), available at www.ada.gov/hrb-cd.htm 0(comprehensive decree governing the accessibility of H&R Block's website); *Settlement Agreement Between United States and Ahold U.S.A. Inc. and Peapod LLC* (11/17/14), available at https://www.ada.gov/peapod_sa.htm (agreement addressing accessibility of online grocery service); Statement of Interest filed by the Department in *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #23].

www.houseofblues.com/orlando  website which is defined within §§12181(7)(C), (B), & (E); therefore, Defendant Entertainment is subject to the ADA.

68.     It is clear that the ADA applies to the  www.houseofblues.com/orlando website, as the Website is a *Place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress' intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

69.     Recent case law supports that the intangible barriers presented within www.houseofblues.com/orlando  website are violative of the ADA. See *Dennis Haynes v Dunkin' Donuts, LLC.* Cir. Case No. 18-10373 11th Cir. (Order Reversed and Remanded So Dist. Fla. Case 0:17-cv-61072-WPD Order) wherein the 11th Circuit Court of Appeals stated that the Dunkin' Donuts website was a service provided by the Dunkin' Donuts stores, which are places of public accommodation, and that the "ADA is clear that whatever goods and services Dunkin' Donuts offers as a part of its place of public accommodation, it cannot discriminate against people on the basis of a disability, even if those goods and services are intangible." see *id*. at 1281–82, pgs. 5, 6.

70.     At the present time and since the Website's inception, Defendants have provided inadequate service, and ineffective communications and services. Plaintiff's injuries are real, have occurred, and are continuing. Plaintiff's injuries will continue to occur until it is absolutely clear that Defendants' policies are brought in line with 2019 expectations of civil rights.

71.     No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

72.     Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. §12182(b)(2)(A)(II).

73.     Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. §12182(b)(2)(A)(III).

74.     The use of the internet is at the center of daily life because it is 2019, not 1996.

**Barriers to Access**

75.     As a result of the inaccessibility of www.houseofblues.com/orlando website, Plaintiff has been denied full and equal access to the House of Blues Orlando

16

entertainment venue physical location as Defendants have made available to the public through the information provided on Defendant Entertainment's Website, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

76.     The Website does not offer include the universal symbol for the disabled[10] and the indication of website accessibility[11] which would permit disabled individuals to access the Website's accessibility information and accessibility protocols.

77.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. Incorporating the basic components to make its Website accessible would neither fundamentally alter the nature of Defendants' business nor would it result in an undue burden to the Defendants.

**Violations of the ADA**

78.     Defendants are in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites. These violations are ongoing.

79.     As a result of the inadequate development and administration of Defendants' Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303 to remedy the discrimination.

---

[10]  ™, or HTML "Accessibility" link for those individuals who are visually impaired

[11]

80.     Plaintiff contends that even if Defendants had provided a phone number on its Website to assist the visually disabled, this is not equal access. In *Cheryl Thurston v Midvale Corporation et. al.* Case No. BC663214 in the Superior Court of California, County of Los Angeles (May 21, 2018), the Court granted plaintiff Summary Judgment requiring the defendant to comply with WCAG 2.0 standards finding that "the provision of an email or phone number does not provide full and equal enjoyment of the website (42 U.S.C. §12181(a), but rather imposes a burden on the visually impaired to wait for a response via email or call during business hours rather than have access via the website as other sighted customers. Thus, email and telephone options do not provide communication "in a timely manner" nor do they protect the independence of the visually impaired. (28 C.R.R. §36.303(c)(ii)."

81.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order to:

a) Require Defendants adopt and implement a web accessibility policy to make publically available and directly link from the homepage of the www.houseofblues.com/orlando website to a statement as to the Defendants' policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its Website.

b) Require Defendants take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the www.houseofblues.com/orlando website's being readily accessible, to provide an alternative method for individuals with visual impairments to access

the information available on the Website until such time that the requisite modifications are made, and

c) Require Defendants to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating House of Blues Orlando venue (location) and becoming informed of the entertainment lineup, becoming informed of menu (food and drink) selections, purchasing a gift card, and shopping for House of Blues Orlando merchandise online. During that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public through Defendant Entertainment's Website and through Defendant Blues Restaurant's physical location.

82.     For all of the foregoing, the Plaintiff has no adequate remedy at law.

## **DEMAND FOR RELIEF**

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against - Defendant House of Blues Entertainment, LLC and Defendant House of Blues Orlando Restaurant Corp and requests the following injunctive and declaratory relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff (and other individuals with visual impairments) equal access to, and benefit from Defendants' services, programs, activities and facilities, as well as:

a) The Court issue a declaratory judgment that Defendant has violated Plaintiff's rights as guaranteed by the ADA;

b) The Court enter an Order requiring Defendants to update www.houseofblues.com/orlando to remove barriers in order that individuals with visual disabilities can access the Website and effectively communicate with the Website to the full extent required by Title III of the ADA;

c) The Court enter an Order requiring a clear display the universal disabled logo[12] and sign of website accessibility[13] (standard WCAG 2.0) within its Website. Such a clear display is to insure that individuals who are disabled are aware of the availability of the accessible features of the www.houseofblues.com/orlando website;

d) The Court enter an Order requiring Defendants to contract with an independent ADA expert/consultant for the purposes of that ADA expert/consultant review Defendants' policies, practices and procedures for five years commencing from the date of the Court's Order to insure that Defendant is in compliance with the ADA;

e) The Court enter an order requiring Defendants to provide ongoing support for web accessibility by implementing a website accessibility coordinator,

---



12

13

a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto;

f) The Court enter an Order directing Defendants to evaluate their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Website;

g) The Court to award Plaintiff reasonable litigation expenses and attorneys' fees; and

h) That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 19th day of June, 2019.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*